Order, Supreme Court, New York County (Barbara Jaffe, J), entered February 15, 2013, which denied JLC Environmental Consultants, Inc.’s motion and Maxons Restorations, Inc.’s and New Concept Environmental Cleaning Corp.’s cross motions in limine for the preclusion of plaintiff’s experts’ testimony, unanimously modified, on the law, to preclude plaintiffs experts from testifying as to a causal connection between plaintiffs alleged mold exposure and his injuries, and, upon such preclusion, plaintiffs personal injury claim dismissed, and otherwise affirmed, without costs.
In this action, plaintiff seeks, inter alia, recovery for personal injuries and property damage sustained as a result of mold remediation work performed by Maxons Restorations, Inc., New Concept Environmental Cleaning Corp. and JLC Environmental Consultants, Inc. to address a condition that existed in his apartment after it was flooded.
The proposed expert testimony purporting to establish that a mold condition existing in plaintiff’s apartment caused his injuries is inadmissible as it fails to set forth “plaintiff’s exposure to a toxin, that the toxin is capable of causing the particular illness (general causation) and that plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation)” (Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]). Plaintiffs experts do not identify the specific mold alleged to be the cause of plaintiffs injuries, set forth that the specific mold is capable of causing the claimed injuries, or quantify the level of exposure needed to cause the illness at issue, a worsening of plaintiffs respiratory and dermatologic conditions (see id.; Cleghorne v City of New York, 99 AD3d 443, 446 [1st Dept 2012]; Fraser v 301-52 Townhouse Corp., 57 AD3d 416, 419-420 [1st Dept 2008], appeal dismissed 12 NY3d 847 [2009]). Indeed, plaintiff’s mold expert conceded that he was not qualified to render an opinion as to “any significance of elevated mold spore exposure” and failed to address the other possible sources of mold in the apartment. Plaintiff’s medical experts, inter alia, take plaintiffs claim that his symptoms worsened due to mold *453 exposure at face value, without reference to plaintiffs extensive preexisting medical conditions, and assume the existence of a mold condition capable of causing the claimed injuries (see Rivera v Crotona Park E. Bristow Elsmere, 107 AD3d 550 [1st Dept 2013]; cf. Cornell v 360 W. 51st St. Realty, LLC, 95 AD3d 50, 58 [1st Dept 2012]).
In the absence of the precluded expert testimony, plaintiff cannot establish a claim for personal injuries. Concur — Andrias, J.E, Acosta, Saxe, Renwick and Manzanet-Daniels, JJ.